**FILED**

Jan 03 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ AmyC          DEPUTY

Derek Richard Parker

1640 Kraft Street

Oceanside, CA 92058

(951) 719-0712

Dirk2583@hotmail.com


# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

# SAN DIEGO DIVISION


DEREK RICHARD PARKER,

      PLAINTIFF;

v.

                                  Case No:  **'22CV0001 CAB NLS**
                                 Presiding Judge:

                                  (DEMAND JURY TRIAL)


UNITED STATES PROBATION OFFICER MIMI MANZANO;

UNITED STATES PROBATION SUPERVISORY OFFICER YMELDA

VALENZUELA; UNITED STATES PROBATION SUPERVISORY

OFFICER CHRISTOPHER J. MARCO; JOHN DOES # 1 thru 10, et al;

      DEFENDANTS.


**COMPLAINT FOR DAMAGES PURSUANT TO DENIAL OF THE MANDATED RIGHTS AFFORDED BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION, AND BIVENS v. SIX UNKNOWN NAMED AGENTS OF THE FEDERAL BUREAU OF NARCOTICS 403 US 388 (1971).** TITLE 28 USC Section 1331.

**(DEMAND JURY TRIAL)**


1

## I. PREVIOUS LAWSUITS:

Plaintiff has filed one previous lawsuit, # 21-cv-01373-DMS concerning these same defendants under the Freedom of Information Act. The case was dismissed in regards to jurisdiction as the defendants claimed a blanket immunity to the FOIA.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES:

Plaintiff has not found any administrative remedies that apply to the United States Probation Office and officers of the Probation Office.

## III. JURISDICTION:

Plaintiff resides in San Diego County and all known defendants work within San Diego County. All actions described in this action occurred within San Diego County. This Honorable Court retains primary jurisdiction over San Diego County California.

## IV. PARTIES:

### (a) PLAINTIFF:

DEREK RICHARD PARKER resides at 1640 Kraft Street, Oceanside, CA 92058. Plaintiff will present evidence that he was subjected to violation of his Fourth Amendment rights when he was forced to reveal personal and confidential information concerning his personal property by the Defendants under color of authority citing false legal federal policy and

procedures. Plaintiff asserts that he was singled out for special actions contrary to law and his civil rights under the Fourteenth Amendment of the Constitution.

(b) <u>DEFENDANTS:</u>

(1) PROBATION OFFICER MIMI MANZANO, a United States Probation Officer is assigned to 101 West Broadway- 7th Floor, San Diego, CA 92101. Defendant Manzano is sued in both her official and personal capacities. Defendant Manzano under color of authority coerced the Plaintiff to disclose complete lists of all firearms owned by him and to disclose their physical locations with full knowledge that such information is protected by the Fourth Amendment and requires a search warrant supported by probable cause that a crime was being committed. MANZANO used the pretense that Plaintiff's father Richard Wayne Parker was to reside in the residence at 1640 Kraft Street and that he was not permitted to be housed at that location if firearms were present. Despite storage of the firearms in a secured weapons safe in a secured closet in a secured office area; MANZANO required that no firearms be present. Plaintiff complied and <u>removed all firearms and related items prior to his father's arrival at the residence.</u> PO MANZANO persisted and stated that if the firearms were placed with law enforcement friends of the Plaintiff, he must provide her with the names of the law enforcement officers and their residence addresses and a list of all firearms in their care.

Rather than subject his friends in law enforcement to privacy violations, Plaintiff moved the firearms to a storage locker. PO MANZANO then required the Plaintiff to provide a copy of the rental agreement which of course provides the exact location. This action required Plaintiff to provide to a government officer, under duress, information that would require a search warrant to obtain. PO MANZANO was acting under color of authority when she falsely stated that these

3

demands were required by agency policy. The firearms were later stolen in a burglary. Oceanside Police Department was informed that only the Plaintiff, the storage unit manager, and PO MANZANO knew of the firearms location.

(2) PROBATION SUPERVISORY OFFICER YMELDA VALENZUELA, is employed at 101 West Broadway Suite 700, San Diego, CA 92101. Defendant Valenzuela is sued in both her official and personal capacities. Defendant Valenzuela was acting under color of authority when she joined Defendant Manzano in requiring that the Plaintiff give a list of all of his firearms and their location. This violates the Fourth Amendment and the Fourteenth Amendment of the Constitution. Plaintiff was not and is not a convicted felon and Probation did not have any lawful authority to require disclosure of this personal information.

(3) PROBATION SUPERVISORY OFFICER CHRISTOPHER J. MARCO, is employed at 101 West Broadway- Suite 700, San Diego, CA 92101. Defendant Marco is sued in both his official and personal capacity. Defendant Marco was acting under color of authority when he attempted to conceal the misconduct of Defendants Manzano and Valenzuela when he denied the lawful Freedom of Information Act inquiry of the Plaintiff seeking copies of the policies and procedures that were cited to obtain the descriptions and locations of Plaintiff's firearms.

(4) (UNKNOWN DEFENDANTS # 1-10)

Unknown defendants are listed in the event that discovery reveals persons unknown at this time that directed, facilitated, or encouraged the unlawful civil rights violations.

## V.    CHRONOLOGICAL EVENTS:

(a) Plaintiff was notified on May 21, 2020 that his father Richard Wayne Parker was being given immediate release from his federal prison sentence. Plaintiff sought to have his father housed in his residence in Oceanside, CA. The original questions centered on who would supervise Richard Parker's term of supervised release and would his security of the firearms released to him by the trial judge be acceptable to Probation staff. The original PO was from the Central District of CA and stated that having the firearms in a secure safe in a secured closet was adequate.

When it was determined that the Probation Office for the Southern District of CA would conduct the supervised release Defendant Manzano was assigned. Manzano immediately took the position that no firearms could be in the residence without regard for any level of security of the firearms.

(b) Plaintiff informed Defendant Manzano that he would remove the firearms to the custody of his friends in law enforcement for the duration of his father's presence in his home. This was unacceptable to PO Manzano as she demanded to know the names, addresses and which firearms would be held at that location. Removal of the firearms would end any need to know by the Probation Office; however, PO Manzano persisted in having the information on the firearms.

(c) Plaintiff had a reasoned belief that PO Manzano was exceeding her authority and requested to speak with a supervisory agent. Via email and telephone Defendant Valenzuela repeated the position of PO Manzano stating that Plaintiff was required to describe his firearms

and their location even though they had been removed from the residence intended for Richard Parker.

(d) Plaintiff then informed PO Manzano that he would place the firearms in a storage facility. Defendant Manzano then informed Plaintiff that he must provide a copy of the storage contract that included the address. The firearms were placed in a storage facility and a copy of the contract was provided under duress to PO Manzano.

(e) Plaintiff had a reasoned belief that the policy being dictated to him was in fact non-existent and requested the policies and procedures under the Freedom of Information Act. Defendant Marco responded that the documents would not be provided, claiming a blanket exemption to the FOIA for the United States Probation Office.

(f) The firearms were stolen from the storage facility. The only persons aware of their location were the Plaintiff, the storage facility manager, and Defendant Manzano. Defendants Valenzuela and Marco may possibly have possessed the information, discovery and admissions will reveal if this is fact.


## VI. STATEMENT OF THE CLAIMS:

The Plaintiff wished to provide a safe, clean, comfortable residence for his father, Richard Wayne Parker, when he was granted a "compassionate release" from federal prison by the Honorable Christina A. Snyder on May 21, 2020. Plaintiff was informed that the Central District of California would retain control over the five years of supervised release and contacted the Probation Office for that district. Plaintiff informed the officer he spoke with that he possessed firearms that had been released to him by court order of Judge Snyder several years prior. Plaintiff explained that the firearms were in a large secured gun safe, in a secured closet

6

converted to contain that safe, in a secured office in his residence. The probation officer stated that the triple redundancy and Plaintiff's assurance that his father would have zero access would be sufficient for his father to reside in his home.

Shortly afterwards Plaintiff was informed that the Southern District would supervise his father and that PO Mimi Manzano (Def. #1) would be the assigned officer. This began the series of concerns over the firearms and a decision that Richard Parker could not reside in that home unless all firearms were removed. No amount of security would be sufficient per Defendant Manzano.

Plaintiff gives deference to the Probation Office that it is possible that the Southern District follows different guidelines than the Central District of California. The critical issue raised is that once the Plaintiff agreed to remove all firearms from his residence the issue of Probation Office oversight and concern for those firearms ceases immediately.

Defendant Manzano violated the Plaintiff's Fourth Amendment protections by demanding the names and addresses of law enforcement personnel who agreed to store the firearms for the Plaintiff. Next, the unreasonable demand for the address of the storage unit and the copy of the rental agreement forced the Plaintiff to violate his personal privacy concerning his business documents and the detailed descriptions of his personal property. This information was provided under duress and could only have been obtained with a search warrant for which no possible probable cause exists. With the firearms removed from the Plaintiff's residence the Probation Office has no legal authority in regards to the lawfully owned firearms which had been released by the presiding judge in Richard Parker's original criminal case.

Defendant Valenzuela committed the identical violations as Defendant Manzano by repeating the unknown and probably false federal policy and procedure requiring the disclosure

7

of Plaintiff's personal property and documents. Defendant Marco aided these violations by stating that the policy would not be disclosed under the FOIA to the requesting citizen; the Plaintiff. Plaintiff believes it is not possible that any federal agency can cite legal requirements from a citizen and then refuse to provide the copies of the requested policy.

Plaintiff is not a convicted felon, is in fact a public servant as a firefighter/engineer, and is not under the supervision or control of the Probation Office. Removal of the firearms to any location other than the residence in which his father was living rendered the issue of the firearms as irrelevant and of no concern to federal probation officers. Singling the Plaintiff out for special enforcement of non-existent law is a violation of the Fourteenth Amendment and actionable under civil process and quite logically amounts to a federal felony on the actions of the Defendants. All of the actions taken by the Defendants were under color of authority as they cited their agency policy as the authority for their unlawful actions. The Defendants are certainly aware that it is not within their discretion to violate the constitutional rights of citizens and it will be the duty of the jury to determine when the actions taken moved from official to personal capacity violations.

VII. **RELIEF SOUGHT:**

The Plaintiff seeks the following:

(a) Plaintiff asks $150,000. - (one hundred fifty thousand dollars) in monetary compensation from each of the Defendants in their official capacity for his loss of personal property, suffering and emotional trauma; Plaintiff asks $150,000. - (one hundred fifty thousand dollars) in monetary compensation from each Defendant in their personal/individual capacity for his loss of personal property, suffering and emotional trauma;

8

(b) Punitive damages in an amount determined by the jury as just and reasonable to deter federal agents from future misconduct similar to the actions described in this suit;

(c)Compensation for reasonable legal costs and expenses related to pursuit of this claim, up to and including retention of legal counsel to complete the action.

## VIII. LEGAL REQUIREMENTS:

(a) Plaintiff states his demand for jury trial; (b) Plaintiff requests leave to amend this complaint in regards to any legal defects prior to commencement of trial; (c)Plaintiff requests to add any new defendants currently unknown to the Plaintiff which may be identified in discovery.

The foregoing is true and correct under penalty of perjury.

Respectfully submitted,

Derek Richard Parker,
Plaintiff, Pro Se.                JAN/03/2022