Derek Richard Parker
1640 Kraft Street
Oceanside, CA 92058
(951) 719-0712
dirk2583@hotmail.com
Plaintiff, Pro Se.



FILED

MAY 0 4 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

### SAN DIEGO DIVISION

**DEREK RICHARD PARKER,**

     Plaintiff,

                                         Case No:22-cv-0001-RBM-NLS

v.

**UNITED STATES PROBATION OFFICER**       Judge:

**MIMI MANZANO, et al;**                   **Honorable Ruth Bermudez**

**Montenegro**

     **Defendants.**                  **US District Court Judge**

### PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES

PLAINTIFF, DEREK RICHARD PARKER, PLAINTIFF PRO SE; presents his amended complaint pursuant to order of this Court dated April 07, 2023 at Docket # 33.

    I.   **CASE HISTORY:**

Plaintiff filed a civil action under the above captioned case, this Honorable Court granted a defense motion to dismiss prior to discovery and without allowing oral argument on the merits.

1

Plaintiff sought appeal and following a jurisdictional dismissal sought to file this amended claim.

## II.    PREVIOUS LAWSUITS:

Plaintiff has filed one previous lawsuit, # 21-cv-01373-DMS under the Freedom of Information Act.  Case was dismissed due to jurisdiction.

## III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES:

No known administrative remedies exist to correct the misconduct described in this action.

## IV.    JURISDICTION:

All actions described occurred in San Diego County, the Plaintiff resides in San Diego County, the known defendants work in the city of San Diego -San Diego County as federal probation officers.

## V.    PARTIES:

### (a) PLAINTIFF:

DEREK RICHARD PARKER resides at 1640 Kraft Street, Oceanside CA 92058.  Plaintiff will present evidence that he was subjected to a violation of his Fourth Amendment rights under the Constitution of the United States  when he was forced to provide personal and confidential information concerning the specific location of his personal property.  The Defendants, acting under color of authority, cited false, non-existent federal policy (law) and procedures to coerce personal information from the Plaintiff. Plaintiff was singled out for special actions solely based on

2

the fact that his father is a convicted felon. Plaintiff is not, and never has been, a convicted felon.

(b) **DEFENDANTS:**

(1) MIMI MANZANO (Ratsmy K. Manzano) now retired federal probation officer resides at 6201 Alverton Drive, Carlsbad, CA 92009. MANZANO is sued in her personal and professional capacities. Acting under color of authority, MANZANO coerced the Plaintiff to disclose the complete lists of firearms owned by him and to disclose their physical locations with full knowledge that such information is protected by the Fourth Amendment of the Constitution and requires a search warrant supported by probable cause that a crime is being committed.MANZANO used the pretense that Plaintiff's father could not reside in the Kraft Street residence if firearms were present. Plaintiff complied with this requirement prior to the arrival of his father. The Defendant declined an offer to search the residence to document the firearms were not present. MANZANO then stated that federal policy required that he disclose the location of the firearms. Defendant refused all requests for copies of these non-existent policies. This required that Plaintiff provide a copy of the storage rental agreement by email to the Defendant. This was in fact a coerced release of personal private information.

(2) PROBATION SUPERVISORY OFFICER YMELDA VALENZUELA is employed at 101 West Broadway- Suite700, San Diego, CA 92101. Defendant is sued in both her personal and official capacities. Acting under color of authority VALENZUELA joined Defendant MANZANO in

3

requiring a detailed list of firearms and locations from the Plaintiff.

Defendant refused all attempts to communicate in writing via email which

indicates a consciousness of guilt. Defendant also refused to provide the

written regulations claimed to permit this invasion of privacy.

(3) PROBATION SUPERVISORY OFFICER CHRISTOPHER J. MARCO is

employed at 101 West Broadway- Suite 700, San Diego, CA 92101.

MARCO is sued in both his personal and official capacities. Defendant

was acting under color of authority when he attempted to conceal the

misconduct of Defendants MANZANO and VALENZUELA by denying the

Freedom of Information Act requests for the non-existent policies and

procedures cited to obtain the descriptions and locations of the Plaintiff's

firearms in violation of his Fourth Amendment rights.

(4) UNKNOWN DEFENDANTS #1-10, named in the event persons unknown

at this time directed, professionally encouraged, or facilitated the unlawful

civil rights violations described in this action or other actions unknown to

have occurred. Briefly, actions of these Defendants may have been at the

instruction of other parties not yet identified.

## VI.    CLARIFICATION OF THE BASIS OF THE CLAIM:

The original complaint in this matter was riddled with pro se errors mostly

connected with the overlooking of typographical errors and a failure to properly

document known facts due to an unsupported belief that discovery would permit

his claim to be fully displayed. Plaintiff believes that the federal courts actually

want to know when federal agents violate the rights of citizens.

(a) The verbage concerning the 14th Amendment to the Constitution was an error of proof-reading as the issue had been abandoned. (Docket # 1 , at page one). This is evident as the 14th Amendment is never again mentioned in the text.

(b) The largest hurdle placed before the Plaintiff concerns the Fourth Amendment claim which this Court readily states can in fact be brought against federal officers; but states that the actions previously presented do not give rise to the Court acknowledging that this situation is in fact a Fourth Amendment issue. Plaintiff agrees that he did not fully explain the facts leading to this civil action. This is, however, a Fourth Amendment issue.

(c) From the very beginning:

1. On May 21, 2020 Plaintiff was informed that his father, Richard Wayne Parker # 11678-112, was given "immediate release" from his four life sentences after serving 22 years in federal prison.

2. Plaintiff wanted his father to serve his five years of supervised release in his Oceanside home. US Probation from Orange County contacted the Plaintiff (Central District case) and noted the highly secured location for the firearms previously released to Plaintiff by District Court Judge Snyder. A secured combination lock gun safe, in a locked closet/gun room, in a locked home office was adequate for US Probation.

3. Almost immediately after this approval, the US Probation Office for the Southern District took the case and Defendant MANZANO became the case agent.

5

MANZANO quickly reversed approval for the weapons to be secured in the home.

4. Plaintiff informed MANZANO that he would move the firearms to secure gun safes in the homes of law enforcement who were his long-time friends. This would negate any concerns for US Probation since the residence of the person on supervised release is by law their only area of responsibility.

5. MANZANO stated that Plaintiff could do this, but he was still <u>required</u> to provide the names, addresses, and agencies of each person safeguarding his firearms. Plaintiff asked by what authority could MANZANO require such very private and personal information on persons unrelated to his father's supervision. Plaintiff emailed MANZANO and requested a copy of the regulations she claimed gave her such authority. See: Exhibit # ( 1 ).

6. MANZANO refused to provide a copy of the regulations; nor would she give the citation and statute numbers of the fictional regulations. MANZANO informed the Plaintiff that her supervisor would speak to him by phone on the matter. Supervisor YMELDA VALENZUELA (Defendant # 2) left a voicemail. See: Exhibit # ( 2 ). No written responses were given related to the request for regulations. This avoidance of written documentation is by federal definition " consciousness of guilt". Defendants evidenced that they knew they were committing misconduct and sought to prevent giving written evidence of that misconduct.

7. Plaintiff did not want to violate the trust of his friends and would not give a list of the proposed law enforcement officers; instead he told MANZANO he would

submit and place the firearms in storage. MANZANO stated this was acceptable only if he provided a copy of the storage agreement to her. Plaintiff emailed the storage contract to Defendant MANZANO. This is verifiable in Probation Records.

8. The firearms were later stolen in a burglary upon the storage locker. Only three persons knew the lockers contents: Plaintiff, the storage facility manager, and Defendant MANZANO. The unit of the Plaintiff was the only one burglarized; only firearms were taken while over 1000 rounds of ammunition was left untouched, and the cameras had been conveniently out of position.Oceanside PD Case # 20014037. To date only one firearm is known to have been recovered- taken during a drug arrest. Fontana PD Case # 210014496.

9. Firearms that were safely and lawfully secured are now at large among the criminal community due to the unlawful coercion of the Defendants and Defendant MANZANO'S fixation with these lawfully owned firearms.

### (d) CRITICAL POINTS OF ARGUMENT FOR CONSIDERATION:

1. The area of responsibility and lawful jurisdiction in this matter rests solely in the residence which houses the person under supervised release- that is very specifically Richard Wayne Parker at 1640 Kraft Street, Oceanside, CA .

2. There is no lawful need or authority requiring a private non-felon citizen to describe to federal agents the locations of his lawfully possessed firearms.

7

3. There is no federal regulation, procedure or policy that requires non-felon citizens to provide the location of their lawfully owned firearms to federal agents. Citing a false law or regulation is deceptive and quite probably a federal crime.

4. Federal agents cannot use coercion to force submission to non-existent federal law or procedure- in this case ,denying Plaintiff's father's use of 1640 Kraft Street if Plaintiff did not submit to unlawful coercion contrary to his Fourth Amendment Rights.

5. Once Plaintiff stated that the firearms would be removed from the Kraft residence and offered US Probation the opportunity to fully search and inspect, there was no need to continue to fixate on the firearms locations.

6. The Defendants have <u>never offered as evidence any regulation, policy or procedure to evidence that they acted lawfully</u> by using coercion upon a non-felon citizen. Again, this displays "consciousness of guilt".

## VII. DISCOVERY IS CRITICAL FOR A FAIR AND HONEST REVIEW:

Plaintiff has offered copies of two email exchanges in this matter between himself and Defendants. Plaintiff did not present them in early filings, hoping that the Defendants would perjure themselves in denying the exchanges. Plaintiff submits that voluminous documentation exists in the records of the Defendants and their employers electronic files. The Court has previously stated that no facts were presented but failed to permit discovery to proceed and also denied oral argument during which Plaintiff intended to raise the necessity for the release of any documents that were cited by the Defendants to coerce Plaintiff's compliance against his Fourth Amendment rights. Dismissal prior to discovery would be premature and encourage further misconduct.

8

## VIII. FOURTH AMENDMENT VIOLATION NEED NOT BE A PHYSICAL SEARCH:

Plaintiff submits his position and argument that using coercion to force a citizen to unwillingly provide specific location details about his private personal property is a search, no different than a physical search. The end result is the same. This Honorable Court has stated a position that opposes the Plaintiff and denies him an opportunity to be heard on the matter and to present evidence. The most critical and damning evidence in this issue is the NON EXISTENT regulation that REQUIRES a non-felon citizen to provide detailed information about the location of his personal private property that is lawfully owned. Plaintiff submits his belief that other jurists, either in the Southern District or perhaps the Ninth Circuit, would have a reasoned belief that using coercion and false regulations to obtain knowledge about personal private property is an unlawful search.

Had the Defendants not coerced the Plaintiff and prevented placement with law enforcement officers, these firearms would not be at large in the hands of criminals.

## IX. RELIEF SOUGHT:

(a) Plaintiff seeks $150,000.- (one hundred fifty thousand dollars) in monetary compensation from each Defendant in their official capacity for his personal loss, suffering and emotional trauma;

(b) Plaintiff seeks $150,000.- (one hundred fifty thousand dollars) in monetary compensation from each Defendant in their personal/individual capacity for his personal loss, suffering and emotional trauma;

(c) Plaintiff seeks punitive damages in an amount to be determined by the jury as just and reasonable to deter future federal agents from similar misconduct described in this suit;

(d) Plaintiff seeks complete compensation for all costs associated with this action that were incurred by the Plaintiff to include reasonable legal fees for his time up to and including retention of legal counsel to complete this action.

## X. LEGAL REQUIREMENTS:

(a) Plaintiff states his demand for jury trial;

(b) Plaintiff requests leave to add new defendants that may be identified in discovery;

(c) Plaintiff requests leave to amend this complaint to remedy defects prior to trial.

The foregoing is true and correct under penalty of perjury.

Respectfully Submitted,

Derek Richard Parker  MAY/ 05/2023

Plaintiff Pro Se

Attachments:

Exhibit # 1

Exhibit # 2

## CERTIFICATE OF SERVICE

I, Derek Richard Parker, affirm that true and correct copies of the enclosed AMENDED

COMPLAINT FOR DAMAGES were provided to this Honorable Court and Defendant

Counsel on the date affixed to my signature below.

Derek Richard Parker    May/05/2023
1640 Kraft Street
Oceanside, CA 92058

Honorable Ruth Bermudez Montenegro
United States District Court Judge
221 West Broadway
San Diego, CA 92101

And,

Stephanie A. Sotomayor
Assistant United States Attorney
880 Front Street - Room 6293
San Diego, CA 92101

≡   M Gmail    Q   Search mail                               ⇅

Compose

Inbox      7

More

Labels

[Gmail]

Notes

**From:** Derek Parker <dirk2583@hotmail.com>
**Sent:** Tuesday, June 2, 2020 4:16 PM
**To:** Mimi Manzano <mimi_manzano@casp.uscourts.gov>
**Cc:** Natalie Cohen <Natalie_Cohen@fd.org>
**Subject:** Parker documentation request

Per our conversation, I am awaiting a written request for a list of my firearms and there location and your policy that it is being requested courts request and what is required of me by the terms of my father's (Richard Wayne Parker) supervised release.

I have not received any email responses from you, can you please confirm this is the correct email for you.

Thank you,

Derek Parker

Get Outlook for iOS

...

[Message clipped]  View entire message

( Reply )    ( Forward )

# 1
1/1

≡  M Gmail

🔍 Search mail

**Compose**

**Inbox**   7

**More**

**Labels**

[Gmail]

Notes

## Fwd: Parker documentation request  Inbox ×

(D)  **Derek Parker**
     to me

Get Outlook for iOS

---

**From:** Mimi Manzano <mimi_manzano@casp.uscourts.gov>
**Sent:** Tuesday, June 2, 2020 4:21:01 PM
**To:** Derek Parker <dirk2583@hotmail.com>
**Subject:** RE: Parker documentation request

Mr. Parker,

After our conversation, I spoke to my supervisor, Ymelda Valenzuela, who left you a voicemail message. Please contact h
detail.

Mimi Manzano

U.S. Probation Officer

Southern District of CA

# 2
1/1